IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAUL KENDRICK,<br><br>        Petitioner,<br><br>    v.<br><br>MICHAEL ZAKEN and DISTRICT ATTORNEY OF ALLEGHENY COUNTY,<br><br>        Respondents. | 2:21-CV-01061-CCW |

## MEMORANDUM OPINION AND ORDER

This Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, has been referred to United States Magistrate Judge Lisa Pupo Lenihan in accordance with the Magistrates Act, 28 U.S.C. §§ 636(b)(l), and Local Rule of Civil Procedure 72.

On June 22, 2022, the Magistrate Judge issued a Report, ECF No. 17, recommending that the Petition, ECF No. 4, "be dismissed as untimely and that a certificate of appealability be denied." ECF No. 17 at 6. Service of the Report and Recommendation ("R&R") was made on the parties. Petitioner then filed a Motion for Reconsideration, ECF No. 18, which the Magistrate Judge construed as Objections to the R&R. *See* ECF No. 19.

In the R&R, as noted above, the Magistrate Judge concluded that the Petition was untimely under the Antiterrorism and Effective Death Penalty Act of 1996's ("AEDPA") one-year statute of limitations, codified at 28 U.S.C. § 2244(d). *See* ECF No. 17 at 3–5. Furthermore, the Magistrate Judge concluded that Petitioner had failed to advance any grounds on which equitable tolling could be applied. *See id.* at 5 (citing *Holland v. Florida*, 560 U.S. 631 (2010) and

*McQuggin v. Perkins*, 569 U.S. 383 (2013)).  In his Objections, Petitioner argues for the first time that the applicable statute of limitations should be equitably tolled, and his Petition deemed timely, due to unforeseeable and extraordinary circumstances beyond his control, namely, lack of access to prison mail and the prison law library caused by COVID-19 pandemic lockdowns.  *See* ECF No. 18.

"Courts may equitably toll the habeas statute of limitations where the petitioner shows that (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing." *Rivera v. Harry*, No. 20-3990-KSM, 2022 U.S. Dist. LEXIS 4122, at *15 (E.D. Pa. Jan. 10, 2022) (citing *Holland v. Florida*, 560 U.S. 631, 648-49, 130 S. Ct. 2549, 177 L. Ed. 2d 130 (2010).  Some courts have found equitable tolling to be appropriate in cases where a petitioner (1) diligently pursued his rights prior to prison COVID-19 lockdowns commencing and (2) articulated specific facts demonstrating that the circumstances caused by the pandemic prevented the timely filing of the petition.  *See Rivera*, 2022 U.S. Dist. LEXIS 4122, at *15–16 (finding that, where deadline to file was April 9, 2020, and where petitioner "was quarantined in his cell for 23 hours and 45 minutes per day from March 2020 through July 2020," equitable tolling was warranted because petitioner "diligently pursued his rights by filing the Petition on July 11, 2020, almost immediately after the prison lifted the quarantine and reopened the law library.").

Here, the Magistrate Judge determined that, as of October 2, 2020, Petitioner had 231 days remaining in the applicable one-year statute of limitations in which to file his Petition, making his deadline May 20, 2021.  *See* ECF No. 17 at 5.  In his Objections, Petitioner generally describes rolling lockdowns at SCI Greene (where he is housed) from December 2020 to December 2021.  *See* ECF No. 18 ¶¶ 2–4.  Petitioner notes that he contracted COVID twice during this period, first

in April 2021, and again in June 2021, and that, as a result, "Petitioner was confined to his cell [for] 24 hours [a day] for approximately 30 days." *Id.* ¶ 5. Petitioner further asserts that his Petition "was complete before May 20, 2021" (i.e., the date the statute of limitations expired). *Id.* ¶ 6.

However, aside from claiming that "numerous quarantine lockdowns of the jail prohibited the opportunity to file [his Petition] on May 20, 2021" and generally averring that "Petitioner has done everything in his power to comply with AEDPA," Petitioner fails to articulate with sufficient specificity why, if his Petition was complete as of May 20, 2021 he was unable to file it until August 11, 2021, a delay of 83 days. In other words, unlike the petitioner in *Rivera*, who filed his petition "almost immediately after the prison lifted the quarantine and reopened the law library," 2022 U.S. Dist. LEXIS 4122, at *15–16, Petitioner here has not provided specific facts showing why he was unable to file either before he contracted COVID-19 in June or immediately after his 30 day quarantine ended. *See Jordan v. Clark,* No. 1:21-cv-75, 2021 U.S. Dist. LEXIS 253350, at *6–7 (W.D. Pa. Dec. 20, 2021) (Lanzilo, M.J.) (declining to apply equitable tolling where petitioner failed to articulate basis for delay with sufficient specificity), *report and recommendation adopted by*, 2022 U.S. Dist. LEXIS 26374 (W.D. Pa. Feb. 11, 2022) (Baxter, J.).

And, even if Petitioner had sufficiently articulated such grounds, the Court concludes, consistent with other courts of this District, that failing to move for equitable tolling sooner demonstrates that Petitioner has not, in fact, diligently pursued his rights. *See United States v. Blackwell,* No. 17-142, 2021 U.S. Dist. LEXIS 199772 (W.D. Pa. Oct. 18, 2021) (Fischer, J.) (fining that "Defendant waited months after his first filing to ask for equitable tolling. Therefore, Defendant's delay after numerous opportunities to ask for equitable tolling shows that Defendant

has not exercised reasonable diligence to preserve his claims through tolling the limitations period."). As such, the Court declines to apply equitable tolling here.

Accordingly, after a *de novo* review of the Petition, ECF No. 4, the Answer, ECF No. 10, and the documents in the case, together with the R&R, ECF No. 17, and the Objections thereto, ECF No. 18, and for the additional reasons set forth above, the following Order is entered:

The Petition for a Writ of Habeas Corpus , ECF No. 4, is **DISMISSED**, the request for a certificate of appealability is **DENIED**; and the R&R, ECF No. 17, is **ADOPTED** as the Opinion of the District Court.

IT IS SO ORDERED.

DATED this 22nd day of July, 2022.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc:   PAUL KENDRICK
      MD-1211
      SCI Greene
      169 Progress Drive
      Waynesburg, PA 13570

      All Counsel of Record
      (*via ECF email notification*)